TATE, Justice.
The defendant was convicted of theft of over five hundred dollars, La.R.S. 14:67, and sentenced to three years imprisonment at hard labor. On her appeal, the defendant argues four assignments of error.
Assignment No. 8 presents the most arguable issue. It concerns the sustaining of a state objection to a question of a defense witness. The question was designed to impeach a state witness, by proof of a prior statement he had made which was contradictory of his testimony at the trial. La. R.S. 15:493.

Context Facts

The context facts need be stated to understand the contention:
The defendant, Miss Smith, is charged with embezzling at least $6,000 from the book fund of her employer, a vocational technical school.
Her duties required her to receive the proceeds of book sales, represented by the money and a triplicate pink copy of a receipt of the sale, and to deposit the proceeds in the bank. The money received, the pink slips, and the bank deposit were supposed to correspond. Miss Smith was responsible for the receipt and deposit of the money, and to verify that the totals corresponded with the pink receipt copies showing book sales.
In June, 1976, discrepancies were discovered in the money collected from sales and the deposits during the preceding month. An audit for two years developed that over twenty thousand dollars of the total book sales (tallied from the yellow copies of sales which remained permanently in the receipt books) had not been deposited — that the pink triplicate copies of the receipts for some twenty thousand dollars had never been attached to the deposit slips, which represented the deposit of the monies represented by these receipts.
A number of the pink receipts for which no deposit had been made (although the money for them had supposedly been turned in to the defendant) were discovered in the defendant’s desk and file cabinet. Also, between five and six thousand dollars of the permanent (yellow) receipts marked with the defendant’s initials (thus allegedly indicating that she had sold the books and collected the money for which receipt was made) represented proceeds which never reached the bank.[1]
Part of the state case also concerned the deposit of some six thousand dollars in cash in the defendant’s bank accounts, allegedly over and above the defendant’s salary and earnings. Most of the defense witnesses were called in an attempt to establish an innocent reason for these cash deposits.
However, another aspect of the accused’s defense was to blame discrepancies in the accounts on a slipshod implementation of an imperfectly understood system, in which leakage could occur through many others rather than herself. The state evidence itself indicated a shortage of some four thousand dollars in the year preceding the accused’s employment, and the issue to some extent is whether the new system administered by the defendant might not be as deficient in safeguard as the former system.

Assignment No. 8

The state’s first witness was the director of the school. His testimony was important to the state’s case in its description of the old and new accounting systems and of the *1302 defendant’s duties, which tended to place the blame for the present shortage solely on her apparent defalcation.
Under cross-examination, this witness flatly denied that he had told the defendant and her grandmother, that there had been shortages in the book funds in previous years of approximately the same amount. (The witness had previously admitted the time and occasion of the conversation with the defendant and her grandmother, although he denied that it had included his telling them of these previous shortages.)
After thus laying this proper foundation to prove a prior inconsistent statement, La. R.S. 15:493, the defendant’s counsel later, in the defense case, questioned the accused’s grandmother as to this conversation with the school’s director. The trial court sustained a state objection to this inquiry as an attempt to impeach on a collateral matter. La.R.S. 15:494.
The ruling was erroneous. The previous shortages in the book fund were certainly relevant to a material issue in the case, i. e. , that the system as a whole contained leakages for which the defendant could not be held responsible, especially since sixteen other persons besides the accused kept receipt books from which they issued receipts, who could conceivably fail to turn in to the accused the pink slips and cash from their sales.
The inquiry was not prohibited impeachment as to collateral facts or irrelevant matter. La.R.S. 15:494. It rather concerned a prior inconsistent “statement . relevant to a material issue in the case.” State v. Brent, 347 So.2d 1112, 1117 (La. 1977). See also State v. Cappo, 345 So.2d 443 (La.1977).
However, although the ruling was incorrect, we do not find it presents reversible error.
If the grandmother had been permitted to testify (as she should have been) that the director had told her the previous year’s shortages were about the same as those in which the defendant was employed, it is unlikely that the jury’s evaluation of the director’s credibility would have been affected as to the detailed facts to which he testified. He himself admitted the prior shortages, although he minimized them; and another state witness did testify as to the four thousand dollar shortage in the year preceding the defendant’s employment.
It seems to us far more likely that the jury would believe the director merely forgot or the grandmother was mistaken as to the prior inconsistent statement on a peripheral matter. Even if the jury felt that the director deliberately did not remember his former statement, it is unlikely that the jury would find this misstatement any reason to disbelieve the details of his testimony, which were corroborated by other witnesses and to some extent by the defendant herself.
Indeed, the chief evidence of the defendant’s guilt was the pink receipts (representing undeposited receipts) found in her desk and her filing cabinet, and the five to six thousand dollars of pink slips with the defendant’s initials (showing her receipt of the money) for which no deposits were made. The shortages in the former accounting system, and any misstatement by the director concerning its amount, were to some extent peripheral to this substantial corroborated evidence tending to prove the accused’s guilt.
Accordingly, we find no reversible merit in this assignment.

Conclusion

The other assignments do not present arguable merit nor concern circumstances likely to recur or legal issues not governed by clearly applicable legal principle. Accordingly, we have discussed and disposed of them in an appendix attached to this opinion, which remains a public record of this court but which will not be published with this opinion.
We affirm the conviction and sentence.
AFFIRMED.

. In her explanation of these discrepancies, the defendant suggested that someone else had • taken the pink slips and the money, and that someone else (who had stolen the money) had left some of the pink slips in her desk and file cabinet.